IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John S. Barth,<br>        Plaintiff<br>v.<br><br>UNITED STATES, DEPT. OF JUSTICE,<br>FEDERAL BUR. OF INVESTIGATION,<br>HOMELAND SEC. INVESTIGATIONS;<br>        Defendants | Case: 1:23-cv-02920<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 9/28/2023<br>Description: FOIA/Privacy Act (I-DECK) |

## COMPLAINT

Plaintiff John S. Barth brings this action against Defendants U.S. Department of Justice, Federal Bureau of Investigation, and Homeland Security Investigations to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 and § 1332.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff John S. Barth is an engineer and philanthropist, a resident of Maine injured financially by the subject acts, able to brief and argue the issues pro se.

4. Defendants are U.S. Government agencies Department of Justice headquartered at 950 Pennsylvania Ave, Washington, DC 20530, Federal Bureau of Investigation headquartered at 935 Pennsylvania Ave NW, Wash., DC 20535, and Homeland Security Investigations headquartered at 1901 S. Bell St., Suite 900, Arlington, VA 22202. Defendants have possession and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

1. A rogue faction of the defendant agencies refused to investigate political racketeering crime by Florida politicians of one party involving theft of $119 million in public funds, even while investigating an opposing politician there for one-thousandth of that amount, despite three years of notices with proof sent by Plaintiff to the local, state, headquarters and IOG offices of these agencies under administrations of both major political parties.

2. Judges of the offending party grabbed the case in four districts with substantial related damages, in violation of the cover notice that this would violate the Code of Judicial Ethics, and denied venue on false pretenses.

3. The possibility remained that these agencies were acting upon false information about the Plaintiff, extreme enough to prevent action by any office of any such agency. The FBI now may classify citizens as a domestic "terrorism" threat for stating a "conspiracy theory" including even awareness of dishonesty in a federal agency or a political party.

4. To determine whether agency misconduct included false information about the Plaintiff, FOIA requests were made 2/25/2021 (Exhibit 1a – 1d, 2), for all information held about the Plaintiff. The information requested was:

> This should include, but not be limited to, all information regarding personal history, business, activities, relationships, communications, charitable and public service activities, legal matters, politics, reports by individuals or private organizations, or reports by federal, state, and local agencies, contractors, or employees, etc.
> Matters of special concern include any and all negative reports or information that might raise concerns or discourage cooperation of Federal or state agencies with public service activities, investigations, or legal process by John Barth.

5. The DOJ admitted on 3/1/2021 (Exhibit 3) that it had a twenty-six page criminal file on the Plaintiff, although he has never committed a crime, which was referred to its criminal section CRM for redaction (Exhibit 4).

6. When no information was received after three months, the Plaintiff filed an appeal for expedited determination, which was denied (Exhibit 5) on the claim that they may deny such appeal before such determination, despite their refusal to make any determination.

7. After five months, the Plaintiff notified DOJ that further delay would be interpreted as obstruction of prosecution, in violation of the mandate of these agencies. No reply was received, except a letter from the OIG with the perjury that no misconduct was alleged.

8. After six months, no FOIA response or determination on the 26-page "criminal" dossier had been received.

9. After fourteen months with no determination, the plaintiff added these agencies to the original racketeering defendants and filed in this court (1:22-cv-00955).

10. The DOJ refused to Answer the Complaint on the anti-Constitutional pretense that separation of powers precludes checks and balances of the Executive by the Judicial branch (!), claiming discretion and immunity for collusion in massive racketeering crime. Clearly a rogue faction within these agencies was obstructing prosecution of racketeering.

11. As of this filing, thirty-one months have passed with no response or determination by the defendant agencies on the Plaintiff FOIA request. The DOJ deleted the FOIA request from its database (Exhibit 10a) despite the admitting two appeal requests (Exhibit 10b).

Timeline of FOIA Requests to Federal Agencies

| Date | Exhibit | Item |
|---|---|---|
| 2/25/21 | 1a - 2 | Filed FOIA request 197391 via DOJ website with request forms. |
| 3/01/21 | 3 | DOJ letter: "twenty-six pages were located… this material originated with … Criminal Division (CRM), we have referred… to CRM for processing. |
| 3/03/21 | 4 | DOJ Criminal Division letter: "will disclose… as soon as practicable" |
| 5/20/21 | 10a | Filed appeal A-2021-01803 for "expedited determination" |
| 5/25/21 | | Expedited Determination denied for "insufficient cause" |
| 6/09/21 | 5 | DOJ OIG denies appeal until negative determination despite no action. |
| 8/24/21 | | Expiration of 6 months maximum delay to determination in FOIA cases |
| 2/24/22 | | 12 months since application with no determination. |
| 4/04/22 | | Defendant agencies added to racketeering case (1:22-cv-00955) |
| 8/24/22 | | 18 months since application with no determination. |
| 2/24/23 | | 24 months since application with no determination. |
| 8/24/23 | | 30 months since application with no determination. |
| | 10b | DOJ deleted the FOIA request record despite noting two appeals thereof. |

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

13. Plaintiff has no adequate remedy at law.

14. Defendants were required to make a final determination on Plaintiff's request by March 27, 2021 at the latest, to avoid triggering FOIA administrative remedy exhaustion. Defendants having failed to make final determination on Plaintiff request within this time limit, the Plaintiff is deemed to have exhausted his administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

OATH

I, the undersigned Plaintiff John S. Barth do hereby certify under penalty of perjury that all facts herein stated are true and correct to the best of my knowledge and belief, and that a true copy hereof has been served upon the defendants as listed below.

Respectfully submitted,

Date: September 21, 2023

/s/ John S. Barth

John S. Barth, Plaintiff, pro se
4311 Brazilnut Ave., Sarasota, FL 34234
Jbarth@gwi.net   207-608-1741

United States, Dept of Justice, 950 Pennsylvania Ave, Washington, DC 20530-0001
Federal Bureau of Investigation, 935 Pennsylvania Ave NW, Wash., DC 20535-0001
Homeland Security Investigations, 1901 S. Bell St., Suite 900, Arlington, VA 22202