UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. BARTH,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>          Defendants. | Civil Action No. 23-2920 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART
<u>OR, IN THE ALTERNATIVE, TO DISMISS</u>**

Table of Contents

LEGAL STANDARDS ........................................................................................................... 1

    I.      Failure to State a Claim Under Rule 12(b)(6) .......................................................... 1

    II.     Summary Judgment Under Rule 56 ........................................................................ 2

ARGUMENT .......................................................................................................................... 4

    I.      Plaintiff's FOIA Claims Against FBI and HSI Fail Because the Requests Were Not received ................................................................................................................... 4

    II.     Plaintiff Fails to State a Claim Against FBI and HSI ............................................. 7

CONCLUSION ....................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          *Page(s)*

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................. 3

*Antonelli v. Bureau of Prisons*,
  591 F. Supp. 2d 15 (D.D.C. 2008) ....................................................................................... 6

*Antonelli v. Parole Comm'n*,
  619 F. Supp. 2d 1 (D.D.C. 2009) ......................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................... 1, 2, 7

*Barouch v. Dep't of Just.*,
  962 F. Supp. 2d 30 (D.D.C. 2013) .................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 2

*Betz v. First Credit Servs.*,
  139 F. Supp. 3d 451 (D.D.C. 2015) ..................................................................................... 1

*Brown v. Califano*,
  75 F.R.D. 497 (D.D.C. 1977) ............................................................................................... 7

*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002) ............................................................................................. 1

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................. 3

*Colbert v. Potter*,
  471 F.3d 158 (D.C. Cir. 2006) ............................................................................................. 2

*Crisafi v. Holland*,
  655 F.2d 1305 (D.C. Cir. 1981) ........................................................................................... 8

*Czekalski v. Peters*,
  475 F.3d 360 (D.C. Cir. 2007) ............................................................................................. 3

*Davis v. FBI*,
  767 F. Supp. 2d 201 (D.D.C. 2011) ..................................................................................... 4

*Eddington v. Dep't of Def.*,
  35 F.4th 833 (D.C. Cir. 2022) .............................................................................................. 4

*Estelle v. Gamble*,
   429 U.S. 97 (1976) .................................................................................................................. 7

*Greene v. Dalton*,
   164 F.3d 671 (D.C. Cir. 1999) ................................................................................................ 3

*Jean-Pierre v. Bureau of Prisons*,
   880 F. Supp. 2d 95 (D.D.C. 2012) .......................................................................................... 2

*Kangethe v. D.C. Dep't of Emp. Servs.*,
   891 F. Supp. 2d 69 (D.D.C. 2012) .......................................................................................... 1

*Lakin v. Dep't of Just.*,
   917 F. Supp. 2d 142 (D.D.C. 2013) ........................................................................................ 2

*Manuel v. Potter*,
   685 F. Supp. 2d 46 (D.D.C. 2010) .......................................................................................... 3

*Pinson v. Dep't of Just.*,
   69 F. Supp. 3d 108 (D.D.C. 2014) ................................................................................. 2, 4, 5

*Roum v. Bush*,
   461 F. Supp. 2d 40 (D.D.C. 2006) .......................................................................................... 4

*SafeCard Servs., Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) .............................................................................................. 6

*Samuel v. Wells Fargo & Co.*,
   311 F. Supp. 3d 10 (D.D.C. 2018) .......................................................................................... 7

*Schoenman v. FBI*,
   Civ. A. No. 04-2202 (CKK), 2006 WL 1126813 (D.D.C. Mar. 31, 2006) ........................... 5, 6

*Scott v. Harris*,
   550 U.S. 372, (2007) ............................................................................................................... 3

*Trupei v. Bureau of Customs & Border Prot.*,
   Civ A. No. 07-0475, 2008 U.S. Dist. LEXIS 5801 (D.D.C. Jan. 29, 2008) ..................... 4, 5, 6

*Wildlife v. U. S. Border Patrol*,
   623 F. Supp. 2d 83 (D.D.C. 2009) .......................................................................................... 3

*Yates v. District of Columbia*,
   324 F.3d 724 (D.C. Cir. 2003) ................................................................................................ 2

**Statutes**

5 U.S.C. §
   552 .................................................................................................................................... 1
   552(a)(3)(A) ..................................................................................................................... 4
   552(a)(4)(B) ..................................................................................................................... 4

**Rules**

Federal Rules of Civil Procedure 12(a)(4) ................................................................................ 1
Federal Rules of Civil Procedure 12(b)(6) ................................................................................ 1

Plaintiff John S. Barth instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, naming three Defendants: (1) the U.S. Department of Justice (the "Department"); (2) the Federal Bureau of Investigation ("FBI"); and (3) Homeland Security Investigations ("HSI"). ECF No. 1, Compl. ¶ 3. Plaintiff seeks to force compliance with a FOIA request he sent seeking records regarding himself. *See id.* ¶ 4. Plaintiff attached exhibits to his Complaint regarding the request he sent to the Department, which was referred to the Criminal Division.[1] *See* ECF No. 1-1 at 1-8. However, the record establishes that Plaintiff did not submit a FOIA request to Defendants FBI and HSI. Accordingly, they are entitled to summary judgment and should be dismissed from this matter. In the alternative, FBI and HSI should be dismissed because Plaintiff failed to state a claim upon which relief can be granted related to them.

## LEGAL STANDARDS

### I. FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Rule 12(b)(6) permits a defendant to move for dismissal on the ground that the complaint has failed "to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Defendants' partial motion to dismiss "suspends the time by which it must respond to the entirety of the Complaint." *Betz v. First Credit Servs.*, 139 F. Supp. 3d 451, 456 n.4 (D.D.C. 2015). "Rule 12(a)(4) . . . provides that the service of a motion under Rule 12 suspends the movant's time to respond until 14 days after the court's disposition of the motion." *Kangethe v. D.C. Dep't of Emp. Servs.*, 891 F. Supp. 2d 69, 71 (D.D.C. 2012). Accordingly, the Department's Criminal Division will file an Answer within fourteen days of the Court's disposition of this motion.

defendant is liable for the misconduct alleged." *Id*. A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Id*. In addition, the presumption of truth accorded factual allegations at this stage does not apply to legal conclusions in a complaint, including those "couched" as factual allegations. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.    SUMMARY JUDGMENT UNDER RULE 56

"FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Hidalgo*, 344 F.3d at 1259. "Although the exhaustion requirement under FOIA is not jurisdictional, judicial review is precluded under FOIA as a jurisprudential matter because 'the purposes of exhaustion and the particular administrative scheme support such a bar.'" *Lakin v. Dep't of Just.*, 917 F. Supp. 2d 142, 144 (D.D.C. 2013) (quoting *Hidalgo*, 344 F.3d at 1259)). "In general, exhaustion arguments in FOIA cases are analyzed under Rule 12(b)(6)." *Pinson v. Dep't of Just.*, 69 F. Supp. 3d 108, 111 (D.D.C. 2014) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating the district court's summary judgment order and remanding the case with instructions to dismiss the complaint under Rule 12(b)(6) on exhaustion grounds), *Jean-Pierre v. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) ("Although FOIA cases 'typically and appropriately are decided on motions for summary judgment,' where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim.") (citation omitted)). "If, however, the defendant's motion references matters outside the pleadings, a court must treat the motion as one for summary judgment, not as one for dismissal based on failure to state a claim under Rule 12(b)(6)." *Pinson*, 69 F. Supp. 3d at 111–12 (citing Rule 12(d), *Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) (additional citation omitted)).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Def. of Wildlife v. U. S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citation omitted). A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *Scott v. Harris*, 550 U.S. 372, 380, (2007). The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Rule 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See Celotex*, 477 U.S. at 324. In considering a motion for summary judgment, a court must avoid "making credibility determinations." *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007). The Court must analyze all underlying facts and inferences in the light most favorable to the non-movant. *See Anderson*, 477 U.S. at 255.

Nevertheless, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citation omitted). "In addition, the nonmoving party cannot rely upon inadmissible evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial." *Manuel v. Potter*, 685 F. Supp. 2d 46, 58 (D.D.C. 2010) (internal citations and quotation marks omitted).

**ARGUMENT**

I. **PLAINTIFF'S FOIA CLAIMS AGAINST FBI AND HSI FAIL BECAUSE THE REQUESTS WERE NOT RECEIVED**

To prevail in this FOIA matter, Plaintiff first must establish that he made a FOIA request in accordance with the published rules for the agency from which he seeks the records. *See* 5 U.S.C. § 552(a)(3)(A); *Davis v. FBI*, 767 F. Supp. 2d 201, 204 (D.D.C. 2011). Plaintiff then must prove that the agency improperly withheld records in response to that request. *See* 5 U.S.C. § 552(a)(4)(B); *Roum v. Bush*, 461 F. Supp. 2d 40, 47 (D.D.C. 2006) (citing 5 U.S.C. § 552(a)(4)(B)) (noting that federal courts have jurisdiction to order the production of agency records only after the agency has "denied" the plaintiff's request for records). It follows that "'receipt' of a FOIA request triggers an agency's obligation to respond." *Eddington v. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022); *see also Trupei v. Bureau of Customs & Border Prot.*, Civ. A. No. 07-0475, 2008 U.S. Dist. LEXIS 5801, at *2 (D.D.C. Jan. 29, 2008). "As such, if an agency never received a plaintiff's FOIA request in accordance with its published rules, the agency is entitled to summary judgment as a matter of law." *Pinson*, 69 F. Supp. 3d at 114 (citing *Barouch v. Dep't of Just.*, 962 F. Supp. 2d 30, 48 (D.D.C. 2013) (citations omitted) ("Because there is no genuine dispute that . . . [the] Treasury did not receive a FOIA request from [the plaintiff], . . . the Court will grant [the] Treasury's motion for summary judgment.").

Plaintiff names the Department, FBI, and HSI as Defendants in this matter and alleges they "have possession and control of records to which Plaintiff seeks access." Compl. at 1. Defendants FBI and HSI, however, never received a FOIA request from Plaintiff. In support of this motion, Defendant FBI offers the Declaration of Section Chief Michael G. Seidel of the Record/Information Dissemination Section, Information Management Division for the FBI. *See* Seidel Decl. Mr. Seidel's declaration establishes that the FBI's review of its FOIA database did

4

not locate any FOIA request from Plaintiff. *See* Seidel Decl. ¶ 6. Specifically, Mr. Seidel states that "[u]pon receipt of Plaintiff's Complaint, the FBI conducted a search of [its FOIA and Privacy Act Document Processing System] by querying its Request Tracking System (RTS). The FBI entered Plaintiff's name, "John Barth" in both the requester and subject fields of RTS. As a result, no record of a request to the FBI submitted by the Plaintiff was located." *Id.*

Defendant HSI, which is a component of the U.S. Immigration and Customs Enforcement Agency ("ICE"), offers the Declaration of Fernando Pineiro, the Director of the ICE FOIA Office, in support of this motion. *See* Pineiro Decl. Mr. Pineiro's declaration establishes that a review of ICE's FOIA database did not locate a FOIA request from Plaintiff. *See id.* ¶ 6. Specifically, Mr. Pineiro states that "[a]fter being notified of Plaintiff's Complaint, the ICE FOIA Office conducted a search within Secure Release, an ICE FOIA processing system. The search was conducted using Plaintiff's first and last name and approximate date of receipt. After the search was conducted, ICE FOIA intake determined it had never received a FOIA request from Plaintiff." *Id.*

At the summary judgment stage, Plaintiff bears the burden of demonstrating a genuine dispute as to the receipt of his FOIA request by the agency. *See Schoenman v. FBI*, Civ. A. No. 04-2202 (CKK), 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006). When, as here, an agency offers a declaration stating that a search of its records failed to unearth any evidence of having received a specified FOIA request from the plaintiff, the agency's declaration is entitled to "a presumption of good faith." *Trupei*, 2008 U.S. Dist. LEXIS 5801, at *2 (citation omitted). "In response to such a declaration, the plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request." *Pinson*, 69 F. Supp. 3d at 114-15 (granting summary judgment to the defendant when the agency offered a declaration attesting it had no record of receiving the FOIA request and the plaintiff offered no

5

contradictory evidence that he submitted a request in accordance with the agency's rules or that the agency actually did receive the request); *see also Antonelli v. Bureau of Prisons*, 591 F. Supp. 2d 15, 21, 26 (D.D.C. 2008) (granting the government's motion for summary judgment when the plaintiff only attached a copy of an "identical letter" that he allegedly sent to the BOP); *Trupei*, 2008 U.S. Dist. LEXIS 5801, at *1 (dismissing complaint when the plaintiff only alleged that on a certain date, "he 'deposited' his FOIA request . . . into 'the institutional mail-box' at [his prison]"); *Schoenman*, 2006 WL 1126813, at *10, *13 (granting summary judgment for the government when the plaintiff's attorney offered a declaration stating that he mailed the plaintiff's FOIA request but failed to provide a "a copy of a stamped envelope showing the mailing of the request or a returned receipt certifying the actual receipt of the request by the agency").

As the above cases in this jurisdiction illustrate, a requester cannot establish the existence of a genuine fact dispute merely by offering a sworn statement or other evidence in support of a claim that the requester submitted a request. Instead, the requester must offer evidence that creates a genuine dispute on the question of whether the Agency actually received the request. As in the above cases, this Court should find that Plaintiff's evidence in this case is insufficient to contradict or overcome FBI's and HSI's detailed declaration that establishes that they conducted a reasonable search yet was unable to locate the request. FBI's and HSI's declarations are entitled to a presumption of good faith which cannot be rebutted by purely speculative claims that, despite the Agency's assertion to the contrary, they actually received the requests. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Because there is no genuine dispute of material fact that FBI and HSI did not receive a FOIA request from Plaintiff, the Court should grant summary judgment in favor of FBI and HSI and dismiss them as Defendants.

## II.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST FBI AND HSI

Even if Plaintiff was somehow able to show a genuine dispute of material fact that FBI and HSI had received his requests, his Complaint is as "threadbare" as a FOIA complaint could be regarding these two Defendants. *See Iqbal*, 556 U.S. at 678. Indeed, the lone allegation that relates to Defendants FBI and HSI is that they "have possession and control of records to which Plaintiff seeks access." Compl. ¶ 3. But Plaintiff's Complaint does not include a single fact to support naming FBI or HSI as Defendants, and such "unexplained allegations of misconduct do not satisfy the pleading standards of Federal Rule 8[.]" *Samuel v. Wells Fargo & Co.*, 311 F. Supp. 3d 10, 17 (D.D.C. 2018).

For instance, Plaintiff fails to provide any factual allegations to satisfy the threshold requirement of showing that he submitted "a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'" *Antonelli v. Parole Comm'n*, 619 F. Supp. 2d 1, 4 (D.D.C. 2009) (alternations in original). Without any allegation of when such requests were submitted, the subject matter of the requests, or the file numbers assigned to the requests, Plaintiff has failed to offer any factual allegations to support his claim. Without that information, Plaintiff has failed to give Defendants FBI and HSI "fair notice of the claim being asserted so as to permit [them] the opportunity to file a responsive answer [or] prepare an adequate defense[.]" *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). In fact, Plaintiff attached one FOIA request that he sent to one of the named Defendants, the Department of Justice, which was then referred to the Department's Criminal Division. *See* ECF No. 1-1 at 1-8. There is nothing attached to Plaintiff's Complaint regarding FBI or HSI. To be sure, pleadings filed by *pro se* plaintiffs are to be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But a "*pro se* complaint, like any other,

7

must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Plaintiff has failed to do so.

## CONCLUSION

Plaintiff has failed to state a FOIA claim against FBI and HSI and accordingly, they must be dismissed as Defendants. A proposed order is enclosed herewith.

Dated: April 1, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:     /s/ *Kaitlin K. Eckrote*
KAITLIN K. ECKROTE, D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252–2485
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*

8