UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. BARTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | Civil Action No. 23-2920 (CKK) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT IN PART OR, IN THE ALTERNATIVE, TO DISMISS**

Table of Contents

ARGUMENT ............................................................................................................................... 1

    I.    Plaintiff's FOIA Claims Against FBI and HSI Fail Because the Requests Were Not received ......................................................................................................................... 1

    II.    Plaintiff Fails to State a Claim Against FBI and HSI ............................................ 2

CONCLUSION ............................................................................................................................ 3

## **TABLE OF AUTHORITIES**

***Cases*** *Page(s)*

*Brown v. Califano*,
　75 F.R.D. 497 (D.D.C. 1977) ................................................................................................... 2

*Crisafi v. Holland*,
　655 F.2d 1305 (D.C. Cir. 1981) ............................................................................................... 2

*Estelle v. Gamble*,
　429 U.S. 97 (1976) ................................................................................................................... 2

*Pinson v. Dep't of Just.*,
　69 F. Supp. 3d 108 (D.D.C. 2014) ........................................................................................... 2

*Schoenman v. FBI*,
　Civ. A. No. 04-2202 (CKK), 2006 WL 1126813 (D.D.C. Mar. 31, 2006) ............................... 1

*Trupei v. Bureau of Customs & Border Prot.*,
　Civ. A. No. 07-0475 (PLF), 2008 U.S. Dist. LEXIS 5801 (D.D.C. Jan. 29, 2008) .................. 2

By and through undersigned counsel, Defendants the Federal Bureau of Investigation ("FBI") and Homeland Security Investigations ("HSI"), respectfully submit this reply in further support of Defendants' motion for summary judgment in part, or in the alternative, to dismiss. For the reasons described herein and in Defendants' opening brief (ECF No. 14), because Plaintiff John S. Barth did not submit a Freedom of Information Act ("FOIA") request to Defendants FBI and HSI they are entitled to summary judgment. Alternatively, FBI and HSI should be dismissed because Plaintiff failed to state a claim upon which relief can be granted related to them.

## ARGUMENT

I. **PLAINTIFF'S FOIA CLAIMS AGAINST FBI AND HSI FAIL BECAUSE THE REQUESTS WERE NOT RECEIVED**

As Defendants FBI and HSI established in their motion, Plaintiff did not submit a ("FOIA") request to either Defendant. *See* Defs.' Mot. at 9-11, Seidel Decl., Fernando Pineiro Decl. In response, Plaintiff argues that he "filed FOIA request 197391 with the defendant agencies on 2/25/2021" and referred to exhibits he filed with his Complaint. ECF No 16, Pl.'s Opp'n at 1. However, the exhibits Plaintiff refers to show that he filed exactly one FOIA request to Defendant the Department of Justice, *see* ECF 1-1 at 5, and received correspondence from it about that request on March 1, 2021, March 3, 2021, and June 9, 2021. *See id.* at 6-8. Plaintiff shows no evidence of submitting a FOIA request to either FBI or HSI.

Defendants FBI and HSI indeed never received a FOIA request from Plaintiff, as established by the declaration of Section Chief Michael G. Seidel of the Record/Information Dissemination Section, Information Management Division for the FBI, *see* Seidel Decl, and the declaration of Fernando Pineiro, the Director of the ICE FOIA Office. *See* Pineiro Decl. Mr. Plaintiff bears the burden of demonstrating a genuine dispute as to the receipt of his FOIA request

by the agencies. *See Schoenman v. FBI*, Civ. A. No. 04-2202 (CKK), 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006). The submitted declarations are entitled to a presumption of good faith and "plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request." *Pinson v. Dep't of Just.*, 69 F. Supp. 3d 108, 114-15 (D.D.C. 2014). Plaintiff has offered no evidence to contradict or overcome FBI's and HSI's declarations. Because there is no genuine dispute of material fact that FBI and HSI did not receive a FOIA request from Plaintiff, the Court should grant summary judgment in favor of FBI and HSI and dismiss them as defendants.

## II.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST FBI AND HSI

Plaintiff has also failed state a claim upon which relief can be granted regarding FBI and HSI. *See* Defs.' Mot. at 12-13. Plaintiff's response does not rebut this, instead arguing that Defendants have committed perjury and that a "substantial penalty must be exacted upon the defendants, to motivate them to investigate and replace the rogue faction present throughout their administrations, which has long established their intent to obstruct prosecution of political racketeering crime." Pl.'s Opp'n at 2. Defendants FBI and HSI swore under penalty of perjury that they did not receive a FOIA request from Plaintiff and there is no reason to doubt those declarations. *See Trupei v. Bureau of Customs & Border Prot.*, Civ. A. No. 07-0475 (PLF), 2008 U.S. Dist. LEXIS 5801, at *2 (D.D.C. Jan. 29, 2008) (explaining than an agency's declaration is entitled to "a presumption of good faith.").

As previously established, Plaintiff failed to give FBI and HSI "fair notice of the claim being asserted so as to permit [them] the opportunity to file a responsive answer [or] prepare an adequate defense[.]" *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). To be sure, pleadings filed by *pro se* plaintiffs are to be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

2

But a "*pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Plaintiff has failed to do so.

## **CONCLUSION**

For the foregoing reasons, the FBI and HSI should be dismissed as Defendants from this matter or, alternatively, summary judgment should be entered in favor of the FBI and HSI.

Dated: April 15, 2024   Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:   /s/ *Kaitlin K. Eckrote*
KAITLIN K. ECKROTE, D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252–2485
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*