UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. BARTH, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 23-2920 (CKK) |

**DEFENDANTS' MOTION TO DEFER BRIEFING ON SUMMARY JUDGMENT PENDING THE RESOLUTION OF THEIR MOTION TO DISMISS**

Plaintiff John S. Barth instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, naming three Defendants: (1) the Department of Justice; (2) the Federal Bureau of Investigation ("FBI"); and (3) Homeland Security Investigations ("HSI"). ECF No. 1, Compl. However, the record establishes that Plaintiff did not submit a FOIA request to Defendants FBI and HSI, and so those defendants moved for summary judgment or, in the alternative, dismissal for failure to state a claim upon which relief can be granted. ECF No. 14. Plaintiff responded to Defendants' motion, ECF No. 16, and Defendants replied. ECF No. 16-17. The motion is pending before the Court.

Plaintiff has now filed a motion for summary judgment. ECF No. 20-21. It is this Court's well-established practice to defer consideration of summary judgment pending the resolution of a motion to dismiss, and Defendants respectfully request that the Court follow that practice here. Pursuant to Local Civil Rule 7(m), the undersigned counsel has conferred with Plaintiff who opposes the relief requested herein.

**ARGUMENT**

This Court has inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The district court's broad discretion on this score includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In particular, when two parties present two motions, and both parties wish to have their motion heard, the Court is permitted to consider first the motion that "addresses a specific and narrow issue," rather than the motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion."). In this case, the fundamental exhaustion issues and pleading defects that are raised in Defendants' motion to dismiss, as well as interests of efficiency and judicial economy, make it appropriate for the Court to exercise its discretion to resolve Defendants' motion to dismiss before beginning proceedings on Plaintiff's motion for summary judgment.

Defendants' motion to dismiss raises threshold questions concerning whether the complaint falls within the Court's constitutionally limited jurisdiction. These questions should be resolved before any proceedings on the merits. *See Bancoult v. McNamara*, 445 F.3d 427, 432 (D.C. Cir. 2006) ("The 'first and fundamental question' that we are 'bound to ask and answer' is whether the court has jurisdiction to decide the case.") (internal quotation omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).

Because Defendants' motion requests relief that would put an end to the litigation regarding two of the three named defendants, requiring the parties and the Court to address Plaintiff's summary judgment motion at this time, including the preparation of opposition papers and argument, would result in a waste of the Court's and the parties' limited resources. For this and related reasons, courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g.*, *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing]"); s*ee also Daniels v. United States*, 947 F. Supp. 2d. 11, 15 (D.D.C. 2013) (noting that district court stayed briefing on summary judgment pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Rundquist v. Vapiano SE*, Civ. A. No. 09-2207, 2012 WL 5954706, at *1 n.1 (D.D.C. Nov. 9, 2012) (same); *Magritz v. Ozaukee County*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

It is particularly appropriate to defer summary judgment briefing pending the resolution of the motion to dismiss here. The resolution of Defendants' motion to dismiss may (and, in Defendants' view, likely will) dispose of Plaintiff's claims against FBI and HSI in their entirety. Defendants should not be forced to expend time and resources briefing summary judgment at this time. Requiring Defendants to respond to Plaintiff's motion for summary judgment before the Court has ruled on their motion to dismiss would result in significant prejudice to Defendants. Plaintiff's decision to move for summary judgment before the Court has ruled on threshold issues of exhaustion and pleading defects should not force the Court and Defendants into the posture of

"spend[ing] more time on more briefs on more subjects" that are not needed to resolve the motion to dismiss. *Freedom Watch*, 925 F. Supp. 2d at 59.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court defer briefing Plaintiff's motion for summary judgment pending its resolution of Defendants' motion to dismiss. In the alternative, if the Court denies the motion to stay summary judgment briefing, Defendants respectfully request that the Court afford them additional time to file their memorandum in opposition to Plaintiff's summary judgment motion.

Dated: June 20, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/ *Kaitlin K. Eckrote*
KAITLIN K. ECKROTE, D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2485
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*