**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN S. BARTH,

     Plaintiff,

     v.

DEPARTMENT OF JUSTICE, et al.,

     Defendants.

Civil Action No. 23-2920 (CKK)

**MEMORANDUM OPINION & ORDER**
(July 15, 2024)

Plaintiff John S. Barth submitted a Freedom of Information Act ("FOIA") request to the U.S. Department of Justice ("DOJ") seeking "all information of the DOJ related to [himself]." Pl.'s Ex. 1c, ECF No. 1-1, at 3. Plaintiff, proceeding pro se, subsequently filed suit against DOJ, the Federal Bureau of Investigation ("FBI"), and Homeland Security Investigations ("HSI") (collectively, "Defendants"), alleging that the agencies violated FOIA. *See* Compl., ECF No. 1, at 4. Pending before the Court is Defendants FBI's and HSI's [14] Motion for Summary Judgment in Part or, in the Alternative, to Dismiss ("Motion" or "Mot"), and Plaintiff's [21] Motion for Summary Judgment ("Pl.'s Mot."). *See generally* Defs.' Mem., ECF No. 14-1; Pl.'s Mot., ECF No. 21. Plaintiff opposes partial dismissal as to Defendants FBI and HSI. *See* Pl.'s Opp'n, ECF No. 16. Because Plaintiff failed to exhaust his administrative remedies as to FBI and HSI prior to filing suit, and upon review of the pleadings,[1] the relevant legal authorities, and the record as a

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint ("Compl."), ECF No. 1, and exhibits therein;
- Defendants FBI's and HSI's Memorandum of Points and Authorities in Support of Motion for Summary Judgment in Part or, in the Alternative, to Dismiss ("Defs.' Mem."), ECF No. 14-1, and declarations therein;
- Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion for Penalty ("Pl.'s Opp'n"), ECF No. 16;

whole, the Court shall **GRANT** Defendants FBI's and HSI's [14] Motion for Summary Judgment in Part or, in the Alternative, to Dismiss, and dismiss Plaintiff's claims as to those agencies. The Court shall further **DENY IN PART** Plaintiff's Motion for Summary Judgment as to Defendants FBI and HSI, and **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Summary Judgment as to Defendant DOJ.

## I.      BACKGROUND

On February 25, 2021, Plaintiff submitted a FOIA request to DOJ, seeking information the agency held about himself. *See* Pl.'s Ex. 1c, ECF No. 1-1, at 3. Specifically, Plaintiff sought records including, but not limited to:

> [A]ll information regarding personal history, business, activities, relationships, communications, charitable and public service activities, legal matters, politics, reports by individuals or private organizations, or reports by federal, state, and local agencies, contractors, or employees, etc. Matters of special concern include any and all negative reports or information that might raise concerns or discourage cooperation of Federal or state agencies with public service activities, investigations, or legal process by John Barth.

*Id.* On March 1, 2021, DOJ responded, informing Plaintiff that "a search has been conducted," which identified twenty-six (26) pages as "responsive to [his] request." Pl.'s Ex. 3, ECF No. 1-1, at 6. However, because the records "originated with or [are] of primary interest to the Criminal Division (CRM)," DOJ referred Plaintiff's request to CRM for processing. *Id.* On March 3, 2021, CRM notified Plaintiff that it had received the referral and would disclose the requested information "as soon as practicable." Pl.'s Ex. 4, ECF No. 1-1, at 7. Plaintiff then filed an administrative appeal for an "expedited determination" on May 20, 2021. Compl. at 3; Pl.'s Ex. 10a, ECF No. 1-1, at 10. On June 9, 2021, DOJ notified Plaintiff that there was no action for

---

- Defendants FBI's and HSI's Reply in Support of Motion for Summary Judgment in Part or, in the Alternative, to Dismiss ("Defs.' Reply"), ECF No. 17; and
- Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."), ECF No. 21.

the Office of Information Policy to consider on his administrative appeal because CRM had made no adverse determination with respect to Plaintiff's initial FOIA request.  *See* Pl.'s Ex. 5, ECF No. 1-1, at 8.  Plaintiff subsequently sought to investigate compliance with his FOIA request.  *See* Compl. at 2 ("Plaintiff notified DOJ that further delay would be interpreted as obstruction of prosecution[.]").  In response, DOJ, Office of the Inspector General, advised Plaintiff in a July 16, 2021 letter that no action would be taken with respect to his investigatory request because it was outside of OIG's jurisdiction.  *See* Pl.'s Ex. 6, ECF No. 1-1, at 9; *see id.* (informing Plaintiff that the Office "investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs or operations.").

Plaintiff initiated this lawsuit on September 28, 2023, against Defendants DOJ, FBI, and HSI, claiming that the agencies violated FOIA by improperly failing to respond to his FOIA request.  *See* Compl. at 4.  On April 1, 2024, Defendants FBI and HSI filed the pending Motion, seeking dismissal of Plaintiff's FOIA claim against those agencies.  *See generally* Defs.' Mem. Plaintiff opposes partial dismissal.  *See generally* Pl.'s Opp'n.  Defendants filed their reply on April 15, 2024.  *See generally* Reply in Further Supp. of Defs.' Mot. for Summ. J. in Part or, in the Alternative, to Dismiss ("Defs.' Reply"), ECF No. 17.  Subsequently, Plaintiff requested leave to file a surreply in opposition to Defendants' reply on April 30, 2024.  *See* Extended Pl.'s Opp'n to Mot. to Dismiss in Answer to Defs.' Reply ("Pl.'s Surreply"), ECF No. 19.  The Court denied Plaintiff's request for leave to file a surreply.  4/30/2024 Minute Order.  On June 6, 2024, Plaintiff filed a motion for summary judgment on his FOIA claim against DOJ, FBI, and HSI.  *See* Pl.'s Mot.  The Court now turns to the resolution of the pending motions.

## II.    LEGAL STANDARD

Defendants FBI and HSI move for partial dismissal of Plaintiff's FOIA claim under Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and 56 ("Rule 56"), arguing that Plaintiff has failed to exhaust his administrative remedies as to those agencies prior to filing suit.  *See generally* Defs.' Mem.  Ordinarily, exhaustion arguments in FOIA cases are analyzed under Rule 12(b)(6).  *See, e.g.*, *Hidalgo v. F.B.I.*, 344 F.3d 1256 (D.C. Cir. 2003); *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) (ESH).  However, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) [] matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); *see also Hurd v. Dist. of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017) ("When a moving party introduces 'matters outside the pleadings' in support of a motion to dismiss, Rule 12(d) requires the district court either to ignore that evidence in deciding the motion under Rule 12(b)(6), or to convert the motion into one for summary judgment.").  Here, Defendants FBI and HSI rely on evidence outside the pleadings.  *See* Seidel Decl., ECF No. 14-3; Pineiro Decl., ECF No. 14-4.  Accordingly, the Court shall evaluate the Motion as a motion for summary judgment.  *See Calhoun v. Dep't of Just.*, 693 F. Supp. 2d 89, 90–91 (D.D.C. 2010) (RBW) (analyzing motion to dismiss FOIA claim for failure to exhaust under Rule 56), *aff'd*, No. 10-5125, 2010 WL 4340370 (D.C. Cir. Oct. 19, 2010).

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is

enough evidence for a reasonable jury to return a verdict for the nonmovant. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The nonmovant must then point to specific facts in the record that reveal a genuine issue that is suitable for trial. *Celotex*, 477 U.S. at 324. In considering a motion for summary judgment, the Court must avoid "making credibility determinations," *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), and must analyze all underlying facts and inferences in the light most favorable to the nonmovant, *Anderson*, 477 U.S. at 255. However, conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. *See Ass'n of Flight Attendants-CWA v. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009).

## III. DISCUSSION

Defendants FBI and HSI argue that partial dismissal is appropriate as Plaintiff failed to exhaust his administrative remedies because neither agency received a FOIA request from Plaintiff. Defs.' Mem. at 9. The Court addresses this argument below and, in light of Plaintiff's pro se status, the Court shall also briefly discuss Plaintiff's proposed surreply.

### A. FOIA Request

Under FOIA, failure to exhaust administrative remedies is generally required before seeking judicial review. *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). In this jurisdiction, "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust." *Lopez v. Nat'l Archives & Recs. Admin.*, 301 F. Supp. 3d 78, 88 (D.D.C. 2018) (ABJ) (citation omitted); *see also Church of Scientology of Cal. v. I.R.S.*, 792 F.2d 146, 150 (D.C. Cir. 1986) ("FOIA requires agencies to make records available in response to any request 'made in

accordance with the published rules stating the time, place, fees (if any), and procedures to be followed.'" (quoting 5 U.S.C. § 552(a)(3)(A)).  Accordingly, "[a] FOIA plaintiff's failure to file a perfected request [] constitutes [a] failure to exhaust administrative remedies." *Burke v. Dep't of Just.*, 298 F. Supp. 3d 119, 122 (D.D.C. 2018) (RDM) (citations and internal quotation marks omitted).  "Simply put, an agency cannot respond to a FOIA request it never received, and a plaintiff cannot maintain an action premised on a FOIA request he never submitted." *Id.*  Summary judgment is warranted on exhaustion grounds when there is no genuine dispute as to whether the defendant agency received a FOIA request from the plaintiff.  *See Walsh v. F.B.I.*, 905 F. Supp. 2d 80, 84–86 (D.D.C. 2012) (RWR) (granting summary judgment on exhaustion grounds where plaintiff submitted no proof that defendant agencies received his FOIA request).

Of relevance here, agency affidavits and declarations submitted in a FOIA case are afforded a "presumption of good faith" if such filings "contain sufficient detail" and "are not controverted by contrary evidence." *Burke*, 298 F. Supp. 3d at 122 (citations omitted).  This presumption cannot be "rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted).  The presumption of good faith attaches when an "agency offers a declaration stating that a search of its record failed to unearth any evidence of having received a specified FOIA request from the plaintiff." *Pinson v. Dep't of Just.*, 69 F. Supp. 3d 108, 114 (D.D.C. 2014) (RC) (citation omitted).

In this case, the parties agree that Plaintiff submitted a FOIA request to DOJ, which was then referred to the CRM.  *See* Defs.' Mem. at 12 ("Plaintiff attached one FOIA request that he sent to one of the named Defendants, the [DOJ]"); Pl.'s Ex. 1c, ECF No. 1-1, at 3.  However, Defendants FBI and HSI argue that Plaintiff did not submit a FOIA request to either agency,

despite both agencies "conduct[ing] a reasonable search" to locate such a request. Defs.' Mem. at

11. In support of this argument, Defendant FBI offers the Declaration of Michael G. Seidel,

Section Chief of the Record/Information Dissemination Section ("RIDS"), confirming that FBI's

review of its FOIA database did not locate a FOIA request from Plaintiff. *See* Seidel Decl. ¶ 4;

*see id.* ¶ 6 ("The FBI entered Plaintiff's name . . . in both the requester and subject fields of [its

Request Tracking System] [and] no record of a request to the FBI submitted by the Plaintiff was

located."). Defendant HSI, a component agency of the U.S. Immigration and Customs

Enforcement Agency ("ICE"), similarly offers the Declaration of Fernando Pineiro, Director of

the ICE FOIA Office, confirming that a review of ICE's FOIA database did not locate a FOIA

request from Plaintiff. *See* Pineiro Decl. ¶ 5; *see id.* ¶ 6 ("ICE FOIA Office conducted a search

within Secure Release . . . ICE FOIA intake determined it had never received a FOIA request from

Plaintiff."). Both declarations describe the declarants' familiarity with their respective agencies'

FOIA tracking systems; Seidel Decl. ¶¶ 2–3; Pineiro Decl. ¶ 1, and the nature of the agencies'

search for Plaintiff's alleged FOIA request, Seidel Decl. ¶ 6; Pineiro Decl. ¶ 6. The Court

accordingly finds that these declarations are sufficiently detailed and non-conclusory to warrant

the presumption of good faith. *Burke*, 298 F. Supp. 3d at 122.

     In response, Plaintiff suggests that Defendants' declarations were made in bad faith,

arguing that he filed a FOIA request to Defendants FBI and HSI, but the agencies "deleted their

own on-line records of the FOIA applications[.]" Pl.'s Opp'n at 2; *see also* Pl.'s Mot. at 3

(claiming Defendants "falsely claim[] that the Plaintiff did not submit an FOIA request to FBI and

HSI"). However, Plaintiff offers insufficient evidence to create a genuine dispute as to either the

receipt of his FOIA request or the veracity of Defendants' declarations.

To begin, Plaintiff cites to screenshots of his FOIA request to DOJ, which he attached as exhibits to the Complaint and his pending motion for summary judgment, but these exhibits only establish that Plaintiff submitted a FOIA request to DOJ, not to FBI or HSI.  *See* Pl.'s Ex. 1a–c, ECF No. 1-1, at 1–3 (FOIA request to and confirmation from DOJ); Pl.'s Ex. 2, ECF No. 1-1, at 5 (DOJ's "Certification of Identity" form).  Plaintiff does not cite to any exhibits that demonstrate he submitted a FOIA request to FBI or HSI.

Next, Plaintiff argues that Defendants "admitted possession and control of records to which Plaintiff seeks access," Pl.'s Opp'n at 2, citing to the March 1, 2021 letter from DOJ to Plaintiff in which the DOJ stated that "twenty-six pages were located that contain records responsive to [Plaintiff's FOIA] request," Pl.'s Ex. 3, No. 1-1, at 6; *see also* Pl.'s Mot. at 2 (claiming defendant agencies "admitted possession and control of records").  However, the March 2021 letter indicates that those documents "originated with or [are] of primary interest to the *Criminal Division*" of DOJ, Pl.'s Ex. 3, ECF No. 1-1, at 6 (emphasis added), not Defendant FBI or Defendant HSI.  Accordingly, this language does not support Plaintiff's claim that Defendants FBI and HSI "admitted possession and control" of the requested records.  Pl.'s Opp'n at 2; Pl.'s Mot. at 2.  Even if, as Plaintiff claims, FBI and HSI do have possession and control of the records that he seeks, *id.*, Plaintiff's FOIA claim still fails because FBI and HSI cannot improperly withhold those records if they never received requests for them, *see Banks*, 539 F. Supp. 2d at 235 ("It cannot be said that an agency improperly withheld records if the agency did not receive a request for those records."); *see also West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (RMC) (holding that agency did not withhold documents in violation of FOIA because agency did not receive a FOIA request), *aff'd*, No. 06-5281, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007).

With respect to the agency declarations, Plaintiff challenges the veracity of Defendants FBI's and HSI's claims, arguing that the agencies deleted records of his FOIA request. Pl.'s Opp'n at 2; Pl.'s Mot. at 4. Plaintiff attaches screenshots of what appears to be a national FOIA tracking index. *See* Pl.'s Ex. 10a, 10b, ECF No. 1-1, at 10. It is not clear to the Court how these screenshots demonstrate that Defendants FBI and HSI deleted Plaintiff's FOIA request. Although Exhibit 10b does appear to show that Plaintiff had no pending FOIA requests at the time he filed this lawsuit, *see* Pl.'s Ex. 10b, ECF No. 1-1, at 10, the lack of a pending FOIA request in *DOJ's* tracking index does not suggest that *FBI* or *HSI* deleted Plaintiff's FOIA request. Accordingly, these screenshots are insufficient to overcome the presumption of good faith and offer no basis for the Court to disregard the agencies' declarations. *See Schoenman v. F.B.I.*, No. 04-2202, 2006 WL 1126813, at *13 (D.D.C. 2006) (CKK) (declaration of plaintiff's attorney that he had mailed the plaintiff's FOIA request was insufficient to overcome presumption of agency good faith). All that remains is Plaintiff's conclusory allegation that Defendants FBI and HSI deleted records of his FOIA request. Compl. at 3; Pl.'s Opp'n at 2; Pl.'s Mot. at 4. This charge of bad faith amounts to "mere conjecture," which is "inadequate to overcome the presumption of good faith that is afforded to agency affidavits and declarations." *Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 70 (D.D.C. 2016) (CKK) (citing *SafeCard Servs.*, 926 F.2d at 1200) (other citations omitted); *see also Eddington v. Dep't of Def.*, 34 F.4th 833, 839 (D.C. Cir. 2022) (holding requester's declaration and copies of emails he sent to agency insufficient to rebut presumption of good faith).

To survive a dispositive motion in the FOIA exhaustion context, the plaintiff bears the burden of showing proper filing and receipt. *See Schoenman*, 2006 WL 1126813, at *13. Here, Plaintiff has not shown that his FOIA request to DOJ was ever sent to or received by FBI or HSI. At best, Plaintiff challenges the veracity of the agencies' declarations. Pl.'s Opp'n at 2; Pl.'s Mot.

at 4.  However, there is no competent evidence in the record to support this contention.  *See Freedom Watch*, 220 F. Supp. 3d at 70 (explaining that "mere conjecture" of political corruption "is inadequate to overcome the presumption of good faith" afforded to agency declarations regarding efforts made to locate FOIA request).  Because Plaintiff cannot establish an essential element of a FOIA action with respect to FBI and HSI (i.e., the receipt of a FOIA request), the Court shall grant Defendants FBI's and HSI's Motion and dismiss Plaintiff's FOIA claim against those agencies.[2]  *See, e.g.*, *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 (D.D.C. 2009) (ESH) (dismissing claim due to agency declaration attesting that search of agency databases revealed no FOIA requests from plaintiff).

### B. Plaintiff's Motion to File Surreply

Although the Court denied Plaintiff's surreply, *see* 4/30/2024 Minute Order, the Court shall briefly address Plaintiff's proposed surreply in light of Plaintiff's pro se status.  In this jurisdiction, surreplies are generally disfavored.  *DL v. Dist. of Columbia*, 109 F. Supp. 3d 12, 34 (D.D.C. 2015) (RCL); *see also United States ex rel. Barko v. Halliburton Co.*, 241 F. Supp. 3d 37, 80 (D.D.C. 2017) (RCL) (same), *aff'd*, 709 F. App'x 23 (D.C. Cir. 2017).  The determination as to whether to grant or deny leave is entrusted to the sound discretion of the district court.  *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (CKK) (citation omitted).  Generally, surreplies may be used only to address matters presented to the court for the first time in the movant's reply, when the non-movant has previously been unable to contest the issue.  *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (RMU) (citing *Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.C. Cir. 1998)) ("The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's

---

[2] If Plaintiff seeks certain records from FBI or HSI, then Plaintiff may, of course, submit FOIA requests to those agencies.

reply."), *aff'd*, No. 01-5296, 2003 WL 21018861 (D.C. Cir. Apr. 30, 2003).  However, Plaintiff does not claim that he was denied a full and fair opportunity to contest matters raised in Defendants FBI's and HSI's reply.  *See generally* Pl.'s Surreply.  Nor could he.  The agencies' reply raises no new arguments or issues.  *Compare* Defs.' Reply, *with* Defs.' Mem., *and* Pl.'s Opp'n. Accordingly, Plaintiff failed to provide an appropriate basis for the Court to consider his surreply. As such, the Court had no basis to grant Plaintiff leave to file a surreply.  *See* 4/30/2024 Minute Order (denying Plaintiff's motion for leave to file a surreply).

### C. Plaintiff's Motion for Summary Judgment

The Court's consideration now turns to Plaintiff's cross-motion for summary judgment. *See* Pl.'s Mot.  Therein, Plaintiff seeks summary judgment as to Defendants FBI, HSI, and DOJ on the grounds that these agencies engaged in "perjury, obstruction of justice, and fail[ed] to comply with the Freedom of Information Act."  *Id.* at 3.  Plaintiff, however, did not raise perjury and obstruction of justice claims in his complaint.  *See generally* Compl.  A plaintiff is not permitted to advance a claim in a motion for summary judgment that was not alleged in his complaint.  *Richardson v. Capital One, N.A.*, 839 F. Supp. 2d 197, 202 (D.D.C. 2012) (JEB) (citations omitted), *aff'd*, 544 F. App'x 3 (D.C. Cir. 2013); *see also Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 97 n.3 (D.D.C. 2007) (JDB) (stating that plaintiff may not, "through summary judgment briefs, raise [] new claims . . . because plaintiff did not raise them in his complaint.").  Accordingly, the Court shall not consider Plaintiff's perjury and obstruction of justice claims.

As for Plaintiff's FOIA claim, the Court identifies three FOIA-related arguments raised in Plaintiff's Motion.  First, Plaintiff argues that "no agency is 'entitled to a presumption' of compliance with FOIA."  Pl.'s Mot. at 4.  Second, Plaintiff appears to urge this Court to adopt a

doctrine of constructive notification in the FOIA context. *Id.* at 5 ("This Court should rule that an FOIA notice on the <u>National FOIA Portal</u> constructively notifies all referenced or potentially applicable federal agencies."). Third, Plaintiff argues that the filing of a FOIA lawsuit itself constitutes a FOIA request to "all referenced or potentially applicable federal agencies." *Id.* at 6. None of these arguments are meritorious, as discussed below.

First, courts in this jurisdiction have held that "[w]hen the agency offers a declaration stating that a search of its records failed to unearth any evidence of having received a specified FOIA request from the plaintiff, this declaration is entitled to 'a presumption of good faith.'" *Pinson*, 69 F. Supp. 3d at 114 (citation omitted). Second, Plaintiff cites to no authority, nor is the Court aware of any, suggesting that an agency may be "constructively" notified of a FOIA request when no request was actually received. Pl.'s Mot. at 5. In this jurisdiction, the receipt of a request by the specific agency from which records are sought (rather than by the principal or umbrella agency) is the legally significant event that triggers the commencement of the FOIA request process and imposes obligations on the agency to respond. *Freedom Watch*, 220 F. Supp. 3d at 69; *see also* 5 U.S.C. § 552(a)(6)(A)(i) (a federal agency must "determine within 20 days . . . after the *receipt* of [] request whether to comply . . . .") (emphasis added). There is no doctrine of constructive notification in the FOIA context. Plaintiff's third and final argument similarly fails because a lawsuit alleging a FOIA violation cannot substitute for a request to the agency from which records are sought. To be proper, a FOIA request must reasonably describe the record(s) sought and "[must be] made *in accordance with published rules* stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A) (emphasis added). Pursuant to the published rules of DOJ, FBI, and HSI, the filing of a lawsuit does not constitute a proper FOIA

request.  *See* 28 C.F.R. § 16.3 (DOJ and FBI); 6 C.F.R. § 5.3 (HSI).  For the aforementioned

reasons, the Court declines Plaintiff's invitation to depart from settled law and clear statutory text.

In sum, Plaintiff has not established that he is entitled to judgment as a matter of law.

Because Plaintiff has failed to exhaust his administrative remedies prior to filing suit against

Defendants FBI and HSI, the Court shall grant Defendants FBI's and HSI's Motion, and

correspondingly deny in part Plaintiff's motion for summary judgment.  As for Defendant DOJ,

the docket reveals that DOJ has yet to file an answer or otherwise respond to Plaintiff's Complaint.

*See* Mot. at 6 n.1 ("[T]he Department's Criminal Division will file an Answer within fourteen days

of the Court's disposition of this motion.").  At this juncture, the Court shall deny without prejudice

Plaintiff's motion for summary judgment as to Defendant DOJ and order the agency to file an

answer or otherwise respond to the complaint.[3]

## IV.    CONCLUSION & ORDER

For the foregoing reasons, the Court shall **GRANT** Defendants FBI's and HSI's [14]

Motion for Summary Judgment in Part or, in the Alternative, to Dismiss because Plaintiff did not

exhaust his administrative remedies as to FBI and HSI prior to filing this action.  *See Calhoun*,

693 F. Supp. 2d at 91, 93 (granting motion to dismiss and dismissing claims for failure to exhaust

remedies after treating motion as a motion for summary judgment).  The Court further **DENIES**

**IN PART** Plaintiff's [21] Motion for Summary Judgment as to Defendants FBI and HSI, and the

Court **DENIES WITHOUT PREJUDICE** Plaintiff's [21] Motion for Summary Judgment as to

---

[3] Courts in this jurisdiction generally disfavor issuing summary judgment decisions that "could overlook material issues of fact which might have been raised." *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981) (JJS).  Accordingly, courts may deny motions for summary judgment without prejudice on procedural grounds, which can include a defendant's failure to respond to a plaintiff's complaint.  *Cf. Discepolo v. D.O.J.*, No. 16-2351, 2018 WL 5024921, at *7 (D.D.C. May 8, 2018) (DLF) (denying plaintiff's summary judgment without prejudice in light of ongoing summary judgment briefing).

Defendant DOJ.  Defendant DOJ shall file an answer or otherwise respond to Plaintiff's Complaint on or before **July 29, 2024**.

In sum, Plaintiff's FOIA claim as to Defendants FBI and HSI are hereby dismissed. Plaintiff's FOIA claim against Defendant DOJ remains.

**SO ORDERED.**

**Date:** July 15, 2024                                  /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge