UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. BARTH,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>        Defendants. | Civil Action No. 23-2920 (CKK) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Plaintiff John S. Barth, proceeding *pro se*, brought this case pursuant to the Freedom of Information Act ("FOIA") seeking records regarding himself. ECF No. 1, Compl. ¶ 4. Plaintiff named three Defendants: (1) the U.S. Department of Justice (the "Department"); (2) the Federal Bureau of Investigation ("FBI"); and (3) Homeland Security Investigations ("HSI"). *Id.* ¶ 3. Defendants FBI and HSI moved for summary judgment because they never received a FOIA request from Plaintiff. ECF No. 14. In the alternative, FBI and HSI moved to be dismissed for failure to state a claim. Plaintiff also moved for summary judgment, ECF No. 20, and Defendants moved to hold that briefing in abeyance until the Court ruled on their motion. ECF No. 22.

On July 15, 2024, the Court granted Defendants' motion for summary judgment and dismissed defendants FBI and HSI because Plaintiff was unable to show that he sent a FOIA request to those Defendants. ECF No. 23, Court Order. The Court also denied Plaintiff's motion for summary judgment because he failed to establish that he was entitled to judgment as a matter of law. *Id.* at 11-13. On July 18, 2024, Plaintiff moved for reconsideration and "request[ed] a suitable order to correct the rogue factions in the defendant agencies engaged in racketeering crime." ECF No. 24 at 2, Pl.'s Mot. Plaintiff's motion should be denied.

## LEGAL STANDARD

A Rule 59(e) motion for reconsideration "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA,* 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it a vehicle for presenting theories or arguments that could have been advanced earlier. *See Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.D.C. 1993). Rule 59(e) motions are "'disfavored' and the moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Schoenman v. F.B.I.*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012). "A motion for reconsideration is generally treated as a [Rule] 59(e) motion if it is filed within [twenty-eight] days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 10 n.3 (D.D.C. 2011) (citing *McManus v. District of Columbia*, 545 F. Supp. 2d 129, 133 (D.D.C. 2008)).

Like Rule 59(e), "Rule 60(b) is not 'a vehicle for presenting theories or arguments that could have been raised previously.'" *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013). A Rule 60(b) motion for reconsideration authorizes a court to grant relief under limited circumstances, based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other

reason that justifies relief. *See* Fed. R. Civ. P. 60(b). "In most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment than on a Rule 59(e)." *Taitz v. Obama,* 754 F. Supp. 2d 57, 58 (D.D.C. 2010) (quoting *Uberoi v. EEOC*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002)).

## ARGUMENT

Plaintiff did not specify whether he is bringing his motion pursuant to Rule 59(e) or Rule 60(b), but his motion fails for the same reason. Plaintiff's motion for reconsideration merely reiterates arguments the Court has already rejected. Consistent with the Court's Standing Order and settled law, the Court should not entertain Plaintiff's stale arguments. *See* Standing Order ¶ 13 (explaining that motions for reconsideration are "disfavored" and that "the Court will not entertain: (a) motions that simply reassert arguments previously raised and rejected by the Court; or (b) arguments that should have been previously raised, but are being raised for the first time in the motion for reconsideration"); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (noting that a motion for reconsideration "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment" (citation omitted)).

A review of Plaintiff's response and surreply to Defendants' motion for summary judgment and Plaintiff's own motion for summary judgment make clear that Plaintiff is simply trying to relitigate issues the Court already decided have no merit. In its order granting Defendants' motion, the Court dismissed the perjury and obstruction of justice claims Plaintiff advanced in his motion for summary judgment because he did not raise those claims in his Complaint. Court Order at 11. Plaintiff's motion for reconsideration contains a section entitled "facts of perjury in Defendant reply." Def.'s Mot. at 1. Plaintiff asserts that "the defendant agencies also used back-channel contacts with the district judge to dismiss [a previous] case on anti-constitutional perjuries of law, madly claiming discretion and immunity for federal agencies to engage in political racketeering

3

crimes, in direct subversion of the United States Constitution." *Id.* at 3 (cleaned up). Plaintiff also argues that Defendants' motion for dismissal had no basis but for their perjury and that Defendants "in this action have committed perjuries of law to evade compliance with the FOIA." *Id.* at 3-4. Accordingly, Plaintiff is seeking to relitigate a perjury claim that the Court properly dismissed.

The Court also identified and rejected three FOIA-related arguments in Plaintiff's motion for summary judgment: (1) that no agency is entitled to a presumption of compliance with FOIA; (2) that a FOIA notice on the National FOIA Portal constructively notifies all referenced or potentially applicable federal agencies; and (3) that the filing of a FOIA lawsuit itself constitutes a FOIA request to "all referenced or potentially applicable federal agencies." Court Order at 11-12. Plaintiff's motion for reconsideration likewise advances these arguments. Plaintiff argues that "no agency is 'entitled to a presumption' of complaint with FOIA[.]" Pl.'s Mot. at 5. He also asserts that because he filed a FOIA request on the National FOIA Portal, which did not request specific notices to separate agencies, he notified the now-dismissed Defendants of his request. *Id.* at 2-3, 6 (arguing that "[t]he Court must recognize that FOIA requests via the 'National FOIA Portal' constitutes notification of all related agencies"). And finally, Plaintiff argues that "this FOIA case itself constitutes FOIA notification of the Defendant Agencies." *Id.* at 7 (cleaned up). In sum, Plaintiff's motion for consideration reiterates the exact same issues and arguments the Court previously rejected. Because a motion for reconsideration is not "an opportunity to reargue facts and theories upon which a court has already ruled," *New York*, 880 F. Supp. at 38, Plaintiff's motion fails.

\* \* \*

## CONCLUSION

Plaintiff has failed to establish that he is entitled to the extraordinary remedy of reconsideration, and accordingly, the Court should deny his motion. A proposed order is enclosed herewith.

Dated: August 6, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/ *Kaitlin K. Eckrote*
     KAITLIN K. ECKROTE, D.C. Bar #1670899
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2485
     Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*