**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

JOHN S. BARTH,

       Plaintiff,

   v.

U.S. DEPARTMENT OF JUSTICE,

       Defendant.

</td><td>

Civil Action No. 23-2920 (CKK)

</td></tr>
</table>

**MEMORANDUM OPINION**
(March 3, 2026)

In this action, Plaintiff John S. Barth, proceeding *pro se*, challenges three federal agencies' responses to a Freedom of Information Act ("FOIA") request that he filed seeking records about himself. Compl., Dkt. No. 1. Now pending before this Court is a [45] Motion for Summary Judgment by DOJ, the only remaining Defendant in this case, and a [49] Motion for Recusal and for other relief filed by Plaintiff Barth. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **DENY** Plaintiff Barth's motion for recusal and for other relief and shall **GRANT** Defendant DOJ's motion for summary judgment.

**I. BACKGROUND**

This case arises from a FOIA request that Plaintiff Barth submitted in February 2021 seeking records about himself. Compl., Dkt. No. 1; Pl.'s Exs., Dkt. No. 1-1, at 3; *see also* Decl. of Jonathan M. Breyan ("Breyen Decl."), Dkt. No. 45-3, ¶ 4.

---

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:
- Defendant U.S. Department of Justice's Motion for Summary Judgment ("Def.'s Mot."), Dkt. No. 45;
- Plaintiff Barth's Memorandum in Opposition to the Defendant's Motion ("Pl.'s Opp'n"), Dkt. No. 46; and
- Plaintiff Barth's Motion for Recusal and for "Order of Compliance with the Freedom of Information Act" ("Pl.'s Mot."), Dkt. No. 49.

In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

As Plaintiff Barth explains in his Complaint, he sought these records because he suspected that various federal agencies may have received false information about him.  *See* Compl. ¶¶ 1–3.  Plaintiff Barth explains that he believes that this false information may have affected the agencies' willingness to investigate information that he has submitted for their consideration about an alleged racketeering scheme involving various "Florida politicians of one party."[2]  *See id.* ¶ 1.

Plaintiff Barth submitted his FOIA request to the Office of the Attorney General ("OAG"), which is a component of the U.S. Department of Justice ("DOJ").  *See* Pl.'s Exs., Dkt. No. 1-1, at 2; Breyen Decl. ¶ 5.  DOJ's Office of Information Policy ("OIP"), which processes FOIA requests submitted to OAG, responded to Plaintiff Barth by letter approximately one week after he submitted this request.  Breyen Decl. ¶¶ 1, 6.  In its letter, OIP advised Plaintiff Barth that it had located 26 pages of material that was responsive to his FOIA request.  *Id.* ¶ 6.  However, the letter advised that "[b]ecause this material originated with or is of primary interest to the Criminal Division," OIP would refer the material to the Criminal Division for processing and a direct response.  *Id.*; *see also* Pl.'s Exs., Dkt No. 1-1, at 6 (copy of letter).  Two days later, the Criminal Division sent Plaintiff Barth a letter acknowledging that it had received the referral from OIP and would disclose all non-exempt information to him "as soon as practicable."  *See* Pl.'s Exs., Dkt. No. 1-1, at 7 (copy of letter).

Before the Criminal Division finished processing the records at issue, Plaintiff Barth filed an administrative appeal of OIP's response.  *See* Breyen Decl. ¶ 7.  The appeals staff responded by letter, advising that DOJ regulations allow an appeal "only after there has been an adverse decision by a component."  *Id.* ¶ 8; *see also* Pl.'s Exs., Dkt No. 1-1, at 8 (copy of letter).  Because

---

[2] Plaintiff Barth has filed at least five federal lawsuits based on his underlying racketeering allegations, including one in this District in which he sought to compel various federal agencies to investigate.  *See Barth v. United States*, No. 22-cv-0955, Dkt. No. 40 at 1–2 (D.D.C. Dec. 15, 2022) (JEB) (collecting cases).  Other district judges—not the undersigned—have dismissed all five of these lawsuits.  *See id.* at 1–2, 7.

Plaintiff Barth had not yet received an adverse determination, the appeals staff concluded that there was no action to be considered on appeal. *See* Breyen Decl. ¶ 8. Instead, it forwarded a copy of his appeal to the Criminal Division and advised that he should contact that Division for further information. *Id.*

In September 2023, after receiving no response from the Criminal Division for more than two years, Plaintiff Barth filed this action against the U.S. Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and Homeland Security Investigations ("HSI"), alleging that they had failed to meet their disclosure obligations in response to his February 2021 FOIA request. *See* Compl., Dkt. No. 1. This Court later dismissed Defendants FBI and HSI from this action on Defendants' motion because the record established that these agencies had not received Plaintiff Barth's FOIA request. *See* Mem. Op. & Order, Dkt. No. 23.

This Court also denied a motion for summary judgment by Plaintiff Barth, in which he argued that DOJ, FBI, and HSI had committed perjury and obstruction of justice and failed to comply with their obligations to respond to his FOIA requests. *See* Mem. Op. & Order, Dkt. No. 23. Plaintiff Barth also sought an order requiring the Defendants to investigate his allegations of wrongdoing by Florida officials, which this Court denied as outside the scope of his Complaint and beyond the Court's power to grant in this case. *See* Minute Order (Feb. 25, 2025). Plaintiff Barth later renewed these arguments in several submissions seeking reconsideration, which this Court denied. *See* Mem. Op. & Order, Dkt. No. 35; Order, Dkt. No. 38; Minute Order (Apr. 18, 2025).

In October 2024, Defendant DOJ produced three documents to Plaintiff Barth in response to his FOIA request, totaling 26 pages. *See* Status Report (Nov. 27, 2024), Dkt. No. 37.

Defendant DOJ has now filed a motion for summary judgment, arguing that it has complied with its FOIA obligations by conducting a reasonable search for responsive records and releasing all non-exempt responsive records to Plaintiff Barth. Def.'s Mot., Dkt. No. 45. Plaintiff Barth opposes DOJ's motion, renewing arguments that he has presented in his previous submissions. *See* Pl.'s Opp'n, Dkt. No. 46. He also moved to recuse this Court and for an order directing the Defendants to comply with their FOIA obligations. Pl.'s Mot., Dkt. No. 49.

The parties' motions are now ripe for decision.

## II. LEGAL STANDARDS

### A.    Recusal

A federal judge has a duty to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In this Circuit, a judge must be recused under this rule if "a reasonable and informed observer would question the judge's impartiality." *District of Columbia v. Doe*, 611 F.3d 888, 899 (D.C. Cir. 2010) (quoting *SEC v. Loving Spirit Found. Inc.,* 392 F.3d 486, 494 (D.C. Cir. 2004)). When applying this standard, courts "take the perspective of a fully informed third-party observer who 'understand[s] all the relevant facts' and has 'examined the record and the law.'" *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir. 2015) (alteration in original) (quoting *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008)).

Recusal of a judge is an "extraordinary" measure that should not be "lightly granted." *United States v. Pollard*, 959 F.2d 1011, 1023 (D.C. Cir. 1992). Accordingly, "recusal must be limited to truly extraordinary cases where . . . the judge's views have become 'so extreme as to display clear inability to render fair judgment.'" *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," including a motion for recusal. *Liteky*, 510 U.S. at 555. A court's rulings based

4

on the record and arguments in a case do not afford a basis for such a motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* "Almost invariably," a court's rulings "are proper grounds for appeal, not for recusal." *Id.*

###### B.    Reconsideration

The Federal Rules of Civil Procedure allow district courts to revise or reconsider interlocutory rulings any time before the entry of a final, appealable order. *See* Fed. R. Civ. P. 54(b). Courts grant reconsideration of interlocutory rulings "as justice requires." *See Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015); *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (RCL). "Justice may require revision when the Court has 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.' " *Singh*, 383 F. Supp. 2d at 101 (alteration in original) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (RCL)). However, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Chennareddy v. Dodaro*, 282 F.R.D. 9, 15 (D.D.C. 2012) (EGS) (quoting *Black v. Tomlinson,* 235 F.R.D. 532, 533 (D.D.C.2006) (ESH)), *aff'd,* 697 F. App'x 704 (D.C. Cir. 2017).

###### C.    Summary Judgment

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact is an issue that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the

court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). However, to withstand a motion for summary judgment, a nonmoving party must identify specific material in the record showing that there is a "genuine issue" for trial. *Celotex*, 477 U.S. at 324. Conclusory assertions offered without any factual basis in the record are not sufficient. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

### III. ANALYSIS

#### A. Recusal is not warranted.

Plaintiff Barth's arguments in support of his motion for recusal amount to disagreements with this Court's prior rulings, which are "almost never" a valid basis for recusal. *Liteky*, 510 U.S. at 555. In summary, Plaintiff Barth argues that this Court showed "prejudice in favor of the [D]efendants" in this action by: (1) rejecting his argument that it is improper for federal agencies to operate a "National FOIA Portal" while requiring FOIA requests to be submitted to individual agencies, rather than the government as a whole; (2) concluding that only DOJ validly received his FOIA request; (3) dismissing the FBI and HSI as parties; (4) crediting the Defendants' evidence about their receipt of his requests; (4) rejecting his argument that the DOJ improperly "delete[d] FOIA requests and claim[ed] they were never made"; and (5) "ignor[ing] evidence" that he argues would support his claims. *See* Pl.'s Mot. at 3–5.

None of these rulings warrants recusal. Recusal is proper only when a judge's actions have been "'so extreme as to display clear inability to render fair judgment.'" *Cobell*, 455 F.3d at 332 (quoting *Liteky*, 510 U.S. at 555). Here, Plaintiff Barth has not shown that the rulings at issue were

unsupported by the record and the law, and he certainly has not shown any error in the Court's

rulings that is "so extreme" as to warrant recusal.  *See id.*  Accordingly, the Court shall **DENY**

Plaintiff Barth's [49] Motion for Recusal.

> **B.      Reconsideration of the Court's prior rulings on Plaintiff Barth's other requests for relief is not warranted.**

In the remainder of his motion, Plaintiff Barth renews arguments and requests for relief

that this Court has rejected on multiple prior occasions.  *Compare* Pl.'s Mot. at 6–17, *with* Mem.

Op. & Order, Dkt. No. 23; Mem. Op. & Order, Dkt. No. 35; Order, Dkt. No. 38; Minute Order

(Apr. 18, 2025).  In summary, he seeks an order reinstating the FBI and HSI as parties and directing

them to search for and produce documents responsive to his FOIA request on the grounds that

those agencies received actual or constructive notice of his request.  *See* Pl.'s Mot. at 17.

Plaintiff Barth has not shown that reconsideration of the Court's prior rulings is warranted.

At the threshold, Plaintiff Barth has not shown any persuasive reason to depart from the Court's

prior rulings on the issues presented.  That alone is sufficient reason to deny his motion.  *See*

*Chennareddy*, 282 F.R.D. at 15.  On the merits, as this Court previously concluded, "there is no

competent evidence in the record to support [Plaintiff Barth's] contention" that FBI and HSI

received actual notice of the FOIA request at issue in this case.  Mem. Op. & Order, Dkt. No. 23,

at 9–10.  And because "[t]here is no doctrine of constructive notification in the FOIA context," no

obligation to respond arises until an agency actually receives a proper request.  *Id.* at 12.

Accordingly, the Court shall not reconsider its prior ruling dismissing FBI and HSI as parties and

shall not order those agencies to search for records.  As the Court previously noted, if Plaintiff

Barth still seeks records from FBI and HSI, he may submit new FOIA requests to those agencies.

*See id.* at 10 n.2.

For these reasons and for all the reasons stated in the Court's prior opinions and orders in this matter, which the Court hereby incorporates and makes part of this Memorandum Opinion, the Court shall **DENY** the remainder of Plaintiff Barth's [49] Motion.

### C.    Because OIP's search for records held by OAG was adequate, DOJ is entitled to summary judgment in this action.

Finally, the Court concludes that DOJ is entitled to summary judgment.  Summary judgment is the proper vehicle for resolving "the vast majority of FOIA cases." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).  An agency is entitled to summary judgment on a FOIA claim when the agency's affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)).

Here, the only remaining disputed issue on summary judgment is whether DOJ adequately searched for records responsive to the FOIA request that Plaintiff Barth submitted to the Office of the Attorney General ("OAG") in February 2021.

DOJ's unrebutted declaration in support of its motion for summary judgment shows that it did conduct an adequate search. *See* Breyan Decl. ¶¶ 10–19.  An adequate search is one that is "reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007).  In this case, DOJ's Office of Information Policy ("OIP") searched the Departmental Executive Secretariat ("DES"), which is the "official records repository of OAG and the Offices of the Deputy Attorney General and Associate Attorney General," for all records including the name "John Barth," as well as the variations "John S. Barth" and "John Strickland Barth." *Id.* ¶¶ 11, 14–17.  That search returned three sets of records: two pieces of correspondence

that Plaintiff Barth sent to the DOJ's Criminal Division, and one response from the Criminal Division to Plaintiff Barth. *Id.* ¶ 16. OIP referred those records to the Criminal Division for processing, and that Division later responded directly to Plaintiff Barth. *See id.* ¶ 16; Status Report (Nov. 27, 2024), Dkt. No. 37. Upon consideration of DOJ's declaration and the entire record, this Court is of the opinion that DOJ's search was "reasonably calculated to uncover all relevant documents" responsive to Plaintiff Barth's February 2021 FOIA request to OAG. *See Morley*, 508 F.3d at 1114. DOJ is therefore entitled to summary judgment.

Plaintiff Barth asserts that DOJ's declaration contains "perjuries" calculated to conceal additional records that DOJ had not disclosed to him, but he offers no evidence to support this position. *See* Pl.'s Opp'n at 3. In this Circuit, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). In the absence of contrary evidence, the Court finds DOJ's affidavits credible and concludes that there is no genuine dispute as to any material fact.

Because there is no genuine dispute as to any material fact and the record shows that DOJ is entitled to judgment as a matter of law because it conducted an adequate search, the Court shall **GRANT** summary judgment in DOJ's favor.

\*      \*      \*

9

## IV. CONCLUSION

For the foregoing reasons, the Court shall **DENY** Plaintiff Barth's [49] Motion for Recusal

and for an "Order of Compliance with the Freedom of Information Act," and the Court shall

**GRANT** Defendant DOJ's [45] Motion for Summary Judgment.

An appropriate Order accompanies this Memorandum Opinion.


**Dated:** March 3, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge